**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LOUIS BOARD,                          )
                                      )
    Appellant-Defendant,          )
                                      )
        vs.                    )     No. 49A04-1111-CR-581
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.           )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
The Honorable Teresa A. Hall, Master Commissioner
Cause No. 49G16-1107-CM-51631

**June 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Louis Board appeals his conviction for domestic battery as a class A misdemeanor. Board raises one issue which we revise and restate as whether the evidence is sufficient to support his conviction. We affirm.

The facts most favorable to the conviction follow. Latonia Allen and Board had a child together. On July 16, 2011, Allen attended a birthday party at Lameisha Moore's residence in Marion County, and Board was present at the party. Board stared at Allen during the party, and Allen asked Board why he was staring at her. Board stated that Allen had been staring at him and that he "had owed [Allen] something." Transcript at 8. Allen told Board that he did not owe her anything but that he owed her daughter. After further discussion, Board smacked Allen across her right cheek, and Allen jumped out of her chair and attempted to grab Board, but Board grabbed Allen's wrists and they "tussled" for a minute or two. Id. at 9. Allen told Board that he "better let [her] go" and "you better not hit me again," and Board said, "I'll hit you again if you talk about my kids." Id. at 21. Board's sister eventually stood between Board and Allen. Allen reached over and smacked Board across his left cheek. At some point, Board grabbed Allen's cell phone and threw the phone against a wall. The next day, Allen observed a red mark across her arm and called the police. Lawrence Police Officer Michael Sostre responded to the call, observed a scratch on Allen's arm, and photographed Allen.

On July 22, 2011, the State charged Board with Count I, domestic battery as a class A misdemeanor, Count II, criminal mischief as a class A misdemeanor, and Count III, battery as a class B misdemeanor. At trial, when asked whether Board's smack hurt, Allen testified, "Not really." Id. at 9. Allen also testified that the smack did not leave a

2

mark. When asked whether it hurt when Board grabbed her wrists, Allen indicated that it did hurt "a little bit" and that Board was "holding kind of . . . tight." Id. at 10. With respect to whether Board's act of grabbing her wrists left a mark, Allen testified that the red mark on her arm was not present before the incident occurred and that "[t]here was nothing else that [she] could have done between those hours that would have caused [her] to have a red mark, other than when [they] got into at [sic] tussle." Id. at 16-17. The State introduced and the court admitted two pictures of Allen's arm.

After closing arguments, the court stated: "I do find that the red marks indicate [Board] caused those." Id. at 40. The court also stated: "[Board] had a hold of her wrists before the alleged victim slapped at him, at least per Mrs. Moore['s] testimony. I do have marks that she did say on the stand that him holding her wrist did hurt. She did say a little, but she did say that they hurt." Id. The court found Board guilty of domestic battery as a class A misdemeanor, criminal mischief as a class B misdemeanor, and battery as a class B misdemeanor. The court found that Count III merged with Count I. The court sentenced Board to 365 days with 357 days suspended to probation for Count I and 180 days with 172 days suspended for Count II. The court ordered the sentences to be served concurrently.

The issue is whether the evidence is sufficient to sustain Board's conviction for domestic battery as a class A misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. Id. We consider

conflicting evidence most favorably to the trial court's ruling. Id. We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. Id. at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id.

The offense of domestic battery as a class A misdemeanor is governed by Ind. Code § 35-42-2-1.3(a) which provides:

> A person who knowingly or intentionally touches an individual who:
>
> > (1)     is or was a spouse of the other person;
> >
> > (2)     is or was living as if a spouse of the other person as provided in subsection (c); or
> >
> > (3)     has a child in common with the other person;
>
> in a rude, insolent, or angry manner that results in bodily injury to the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.

"Bodily injury" is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-41-1-4 (2004). "It is not necessary that some physical trauma to the body be shown." Lewis v. State, 438 N.E.2d 289, 294 (Ind. 1982). It is sufficient that the victim experienced physical pain by the defendant's action. Id.

Board does not challenge the proof that he touched Allen in a rude, insolent, or angry manner and concedes that the record supports conviction of battery as a class B misdemeanor. Board argues that the touching did not result in pain. Board also argues that "[w]hen [Allen] tried to retaliate against [him], he grabbed her wrists and held them a

4

minute or two in an obvious attempt to stop [her] from striking him." Appellant's Brief at 6. The State argues that the relevant statute makes no mention that the physical pain be of any particular magnitude or of any particular duration. The State also argues that Allen felt pain when Board grabbed her wrists and suffered a red mark or abrasion.

With respect to the argument regarding bodily injury, the record reveals that Board smacked Allen across her right cheek and then grabbed Allen's wrists and they "tussled" for a minute or two. Transcript at 9. Allen testified that it hurt when Board grabbed her wrists and that he was "holding kind of . . . tight." Id. at 10. Allen also indicated that Board's action of grabbing her wrists resulted in a red mark on her arm. Based upon the record, we conclude that the State presented evidence of a probative nature from which a reasonable trier of fact could have found that Board was guilty of domestic battery as a class A misdemeanor. See McCullough v. State, 888 N.E.2d 1272, 1276 (Ind. Ct. App. 2008) (holding that the evidence was sufficient to find that victim suffered bodily injury where the defendant grabbed victim's arm to pull her back into a car, he was hurting her arm, and the arm was bruised as a result of the defendant's actions), summarily affirmed by 900 N.E.2d 745 (Ind. 2009).

To the extent that Board argues that he acted in self-defense, we observe that self-defense is governed by Ind. Code § 35-41-3-2. A valid claim of self-defense is legal justification for an otherwise criminal act. Wilson v. State, 770 N.E.2d 799, 800 (Ind. 2002). In order to prevail on a self-defense claim, a defendant must demonstrate he was in a place he had a right to be; did not provoke, instigate, or participate willingly in the violence; and had a reasonable fear of death or great bodily harm. Id. The amount of

5

force a person may use to protect herself depends on the urgency of the situation. Harmon v. State, 849 N.E.2d 726, 730-731 (Ind. Ct. App. 2006). However, if a person uses "more force than is reasonably necessary under the circumstances," his self-defense claim will fail. Id. at 731; see also Hollowell v. State, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999) ("Where a person has used more force than necessary to repel an attack the right to self-defense is extinguished, and the ultimate result is that the victim then becomes the perpetrator.").

When a defendant claims self-defense, the State has the burden of disproving at least one of the elements beyond a reasonable doubt. Wilson, 770 N.E.2d at 800. If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. Id. at 800-801. A mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense. Id. at 801 (citing Ind. Code § 35-41-3-2(e)(3) ("[A] person is not justified in using force if . . . the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action.")). The standard of review for a challenge to the sufficiency of the evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. Id. We neither reweigh the evidence nor judge the credibility of witnesses. Id. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. Id.

The record reveals that Board was the initial aggressor, and Board does not point to the record to suggest and our review does not reveal that Board withdrew from the encounter or communicated to Allen the intent to do so. Based upon the record, we conclude that the State presented evidence of a probative nature from which a reasonable trier of fact could have found that Board did not validly act in self-defense and that he was guilty of domestic battery as a class A misdemeanor. See Rodriguez v. State, 714 N.E.2d 667, 670-671 (Ind. Ct. App. 1999) (holding that sufficient evidence existed to rebut the defendant's claim of self-defense), trans. denied.

For the foregoing reasons, we affirm Board's conviction for domestic battery as a class A misdemeanor.

Affirmed.

BAKER, J., and KIRSCH, J., concur.