Kenneth **HOLETON**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 52A02–0605–CR–412.

Court of Appeals of Indiana.

Sept. 8, 2006.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Kenneth Holeton appeals his conviction for Domestic Bat-tery,[1] a class D felony, claiming insufficiency of the evidence. Specifically, Holeton contends that his conviction cannot stand because the victim's testimony was "too conflicting to be believed" and that the State failed to prove the existence of a prior conviction sufficient to enhance the offense from a misdemeanor to a felony. Appellant's Br. p. 9. Holeton also argues that his sentence was inappropriate. Concluding that the evidence was sufficient, but also finding that the judgment of conviction as a class D felony cannot stand, we affirm in part, reverse in part, and remand this cause to the trial court with instructions that it vacate the judgment of conviction as a class D felony, enter judgment as a class A misdemeanor, and re-sentence Holeton.

### FACTS

Holeton was convicted of felony domestic battery in Illinois in 2004 for battering Jennifer Daugherty. Thereafter, Daugherty moved to Peru, Indiana with T.H., their son. On September 6, 2005, at approximately 4:30 p.m., Holeton went to Daugherty's home after spending time at a bar with friends. Holeton was temporarily staying with Daugherty so he could visit T.H.

When Holeton arrived at the residence, Daugherty told him to leave because she thought that he was intoxicated. Holeton initially refused, and he telephoned his mother from the home to request some money for a rental deposit that he and Daugherty had argued about. During that telephone conversation, Holeton referred to Daugherty as a "bitch" and a "whore." Tr. p. 54. Following this conversation, Holeton grabbed Daugherty by the neck

---

1. Ind.Code § 35–42–2–1.3.

and threw her against a wall, slamming her head into a glass picture frame. As Daugherty opened a window in an attempt to alert her neighbors, Holeton grabbed her, threw her to the floor, and bit her on the cheek. When Daugherty tried to leave the house, Holeton blocked the door. He threw Daugherty onto a couch, removed his belt, and whipped Daugherty with it. When Daugherty was able to get up, she grabbed a knife. As Holeton tried to grab the knife from her, the tip of it went backwards towards Daugherty's face and cut her on the mouth.

At some point, Holeton let Daugherty go and she ran outside with T.H. However, Holeton followed and told Daugherty that he knew that she had called the police and that if they "showed up" he would "beat [her] ass right in front of [them]." Tr. p. 62. Holeton then jumped on Daugherty's bicycle, and as he began riding down the driveway, the police arrived and arrested him. It was later determined that Daugherty sustained a number of marks and scratches to her neck and chest, a cut on her lip, and several bruises. Before leaving the scene, the police took several photographs of Daugherty's injuries and the inside of the residence.

As a result of the incident, the State charged Holeton with confinement and domestic battery. The domestic battery offense was charged as a class D felony because of Holeton's prior conviction for that crime in Illinois. Following a bench trial on March 16, 2006, the trial court acquitted Holeton of confinement and found him guilty of domestic battery. Thereafter, Holeton was sentenced to three years of incarceration, the maximum allowable term of imprisonment for a class D felony.

## DISCUSSION AND DECISION

In addressing Holeton's contention that the evidence was insufficient to support his conviction, we first note that this court neither reweighs the evidence nor judges the credibility of witnesses. *McHenry v. State,* 820 N.E.2d 124, 126 (Ind.2005). Rather, this court looks to the evidence most favorable to the verdict with all reasonable inferences to be drawn from that evidence. *Id.* If there is substantial evidence of probative value to support the verdict and the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt, the verdict will remain undisturbed. *Id.* Moreover, it is for the trier of fact to reject a defendant's version of what happened, to determine all inferences arising from the evidence, and to decide which witnesses to believe. *Lewis v. State,* 438 N.E.2d 289, 293 (Ind.1982).

■ Here, Holeton maintains that the verdict cannot stand because Daugherty's testimony was "incredibly dubious" and inherently improbable. Appellant's Br. p. 9–13. In general, the uncorroborated testimony of one victim is sufficient to sustain a conviction. *Ferrell v. State,* 565 N.E.2d 1070, 1072–73 (Ind.1991). By the same token, under the "incredible dubiosity" rule, a reviewing court will impinge on the factfinder's responsibility to judge the credibility of the witness only when it has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of "incredible dubiosity." *Herron v. State,* 808 N.E.2d 172, 176 (Ind. Ct.App.2004), trans. *denied.* If a sole witness presents incredibly dubious or inherently improbable evidence such that no reasonable person could believe it and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. *Id.* However, discrepancies between a witness's trial testimony and earlier statements made to police and in depositions do not render such testimony

"incredibly dubious." *Stephenson v. State*, 742 N.E.2d 463, 497 (Ind.2001).

■ In this case, Daugherty testified as to the nature of the injuries that Holeton inflicted upon her, including slamming her head into a glass picture frame, pushing her head into a tray on the floor that had flipped over, whipping her with a belt, and slicing her lip with a knife. Tr. p. 55, 57–58, 61, 106. The photographic evidence that the State offered at trial corroborated Daugherty's testimony, in that it showed the knife, various broken items in the residence, a belt on the floor, and Daugherty's specific injuries. Ex. 2, 4–13. Inasmuch as the sequence of events as testified to by Daugherty and the injuries she received were corroborated by the physical evidence found by the police in the home, the incredible dubiosity rule does not apply in this instance.

Also, while Holeton dwells on the few inconsistent statements that Daugherty made to the police when compared to her trial testimony, such discrepancies go only to the weight of that testimony and Daugherty's credibility. See *Corbett v. State*, 764 N.E.2d 622, 626 (Ind.2002) (holding that inconsistencies between a victim's statement to the police and his trial testimony did not render his testimony inherently contradictory). Hence, because Daugherty's testimony was corroborated by other evidence and was not incredibly dubious, we decline to impinge on the jury's credibility determinations. As a result, we conclude that the evidence was sufficient to support Holeton's conviction for domestic battery.

■ Our inquiry does not end here, however, as Holeton argues—and the

State concedes—that his conviction as a class D felony cannot stand because he had not been previously convicted of that offense in Indiana. Prior to 1999, Indiana Code section 35–42–2–1 provided in relevant part that:

> (a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery [as]
>
> . . .
>
> (2) a Class D felony if it results in bodily injury to:
>> (E) the other person and the person who commits the battery which was related to domestic violence (as defined in IC 31–9–2–42) was previously convicted of a battery which was related to domestic violence.

In examining the language of this statute, it is apparent that a prior conviction from *any* state relating to domestic violence—as that term was defined in Indiana—could result in the enhancement of a domestic battery charge in Indiana from a misdemeanor to a felony. However, we note that effective July 1, 1999, the General Assembly enacted a separate domestic battery statute which provided for an enhancement of that offense to a class D felony if the previous offense was a "prior unrelated conviction *under this section*." I.C. 35–42–2–1.3(a) (emphasis added). In essence, the subsequent version of the statute provided that a prior domestic battery conviction entered after 1999 could be enhanced to a class D felony only if that conviction had been entered in Indiana.

This court's opinion in *Landis v. State*, 693 N.E.2d 570 (Ind.Ct.App.1998),[2] sup-

---

**2.** Our Supreme Court granted transfer in this case, summarily affirming this court's opinion in *Landis v. State*, 704 N.E.2d 113, 113 (Ind. 1998), but for the observation—not relevant to our discussion here—that while the State may present evidence of prior acts that are probative of the crime of stalking during its case-in-chief so long as those acts comport

ports such a proposition. Specifically, *Landis* involved the application of Indiana Code section 35–45–10–5(c)(2), which provided that the offense of stalking "is a Class B felony ... if (2) the person has an unrelated conviction for an offense under this section against the same victim or victims." This court noted that the "under this section" language of Indiana Code section 35–45–10–5 referred only to a conviction under section 5 of the statute for purposes of enhancement. *Id.* at 572. And the legislature used this same language, subsequent to this court's interpretation of the stalking statute in *Landis*, in its enactment of the Domestic Battery statute. Hence, the "under this section language" in Indiana Code section 35–42–2–1.3 refers only to a conviction entered in accordance with that statute.

As noted above, Holeton's sole prior domestic battery conviction had been entered in Illinois. He committed the instant offense and was convicted and sentenced when the domestic battery statute allowed for an enhancement based only on a prior conviction of that same statute. Thus, Holeton's Illinois conviction could not be used to enhance the instant offense from a class A misdemeanor to a class D felony, and Holeton's conviction for domestic battery as a class D felony cannot stand.[3] Therefore, we are compelled to remand this case to the trial court with instructions that it vacate Holeton's class D felony conviction, enter a judgment of conviction

as a class A misdemeanor, and re-sentence Holeton accordingly.[4]

The judgment of the trial court is affirmed in part, reversed in part, and remanded.

VAIDIK, J., and CRONE, J., concur.

---

with the Indiana Rules of Evidence and other laws that might apply, "evidence of any former *convictions* should be admitted only in the 'sentencing hearing.'" *Id.* (Emphasis in original).

3. We note that effective July 1, 2006, our legislature changed the domestic battery statute to include, in addition to convictions under the domestic battery statute, domestic battery convictions that are entered in other

jurisdictions. I.C. § 35–42–2–1.3. However, the language "under this section" survived, and the "other jurisdiction" language was apparently added as an alternative means of enhancement.

4. In light of our discussion above, we need not address Holeton's argument regarding the appropriateness of the sentence.