**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**RYAN E. LACKEY**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Special Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 27 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

TIMOTHY JESTER,                )
                               )
    Appellant-Defendant,       )
                               )
        vs.                    )        No. 02A05-1108-CR-495
                               )
STATE OF INDIANA,              )
                               )
    Appellee-Plaintiff.        )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D05-1105-CM-2653

**February 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Timothy Jester appeals his conviction for Class B misdemeanor Public Intoxication.[1] Specifically, Jester contends that the evidence is insufficient to support his conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

During the early morning hours of May 6, 2011, Jester was celebrating his birthday with friends at the River Tavern in Fort Wayne. At some point, Jester engaged in a fight with another male bar patron. Bartender Dawn Hagar requested help separating the men from bouncer Christopher Murphy. Murphy separated the men and escorted them outside. As they were exiting the bar, another patron, Stacie Leech, was shoved down and injured. The fight continued outside. At some point, Jester attempted to reenter the bar. As bar patron Teisha Gonzalez attempted to keep Jester from re-entering, Jester hit her in the face and pushed her aside. Jester went inside and retrieved his hat. He then left the bar.

Fort Wayne Police Officer John Greenlee was met at River Tavern by a few other officers. Hagar and Murphy told the officers about Jester's participation in the bar fight and that Jester was walking a block or two down the street. After Jester was apprehended, Officer Greenlee observed that Jester's "face was flushed, his eyes were watery, bloodshot; I could smell alcohol on his person; and his speech was mildly slurred or just a little abnormal." Tr. p. 139.

On May 6, 2011, the State charged Jester with two counts of Class A misdemeanor battery resulting in bodily injury and one count of Class B misdemeanor public intoxication.

---

[1] Ind. Code § 7.1-5-1-3 (2010).

The trial court conducted a jury trial on August 24, 2011, at the conclusion of which the jury found Jester not guilty of both counts of Class A misdemeanor battery resulting in a bodily injury and guilty of Class B misdemeanor public intoxication. The trial court sentenced Jester to 180 days with credit for time served. This appeal follows.

## DISCUSSION AND DECISION

Jester contends that the evidence is insufficient to support his conviction for Class B misdemeanor public intoxication.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction.… The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "[I]t is for the trier of fact to reject a defendant's version of what happened, to determine all inferences arising from the evidence, and to decide which witnesses to believe." *Holeton v. State*, 853 N.E.2d 539, 541 (Ind. Ct. App. 2006). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Indiana Code section 7.1-5-1-3 provides that "[i]t is a Class B misdemeanor for a person to be in a public place … in a state of intoxication caused by the person's use of alcohol or a controlled substance." Thus, in order to convict Jester of Class B misdemeanor public intoxication, the State was required to prove that Jester was in a public place while in

3

a state of intoxication.

"'Intoxicated' means being under the influence of alcohol 'so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties.'" *Fields v. State*, 888 N.E.2d 304, 307 (Ind. Ct. App. 2008) (quoting Ind. Code § 9–13–2–86). "With respect to the sufficiency of the evidence upon the element of intoxication, it is established that a non-expert witness may offer an opinion upon intoxication, and a conviction may be sustained upon the sole testimony of the arresting officer." *Wright v. State*, 772 N.E.2d 449, 460 (Ind. Ct. App. 2002). Among other factors, intoxication may be established through evidence of the consumption of significant amounts of alcohol, impaired attention and reflexes, watery or bloodshot eyes, the odor of alcohol on the breath, unsteady balance, failure of field sobriety tests and slurred speech. *Fields*, 888 N.E.2d at 307 (citing *Ballinger v. State*, 717 N.E.2d 939, 943 (Ind. Ct. App. 1999)).

In the instant matter, the charging information alleged that Jester was "found in a state of intoxication" in a public place, specifically, the "area of the 1200 block of West Main St." Appellant's App. p. 10. Jester concedes that he was in a public place, but argues that the evidence was insufficient to prove that he was intoxicated. Upon review, however, we conclude that despite Jester's contention to the contrary, the evidence was indeed sufficient to prove that he was intoxicated at the time he was arrested.

With respect to Jester's state of intoxication, Murphy, who was working as a bouncer at the River Tavern on the night Jester was arrested, testified that he saw Jester "have a couple beverages" that included vodka, gin, and whisky. Tr. p. 95. Murphy testified that

Jester engaged in a bar fight during which he was "randomly throwing punches" and acted in an aggressive manner when instructed by Murphy to leave the bar. Tr. p. 97. Murphy further testified that Jester displayed certain signs of intoxication, including "glassy eyes and slurred speech and a strong smell of alcohol on his breath." Tr. p. 98. In addition, Officer Greenlee testified that he noticed that Jester displayed certain signs of intoxication, including the fact that Jester's "face was flushed, his eyes were watery, bloodshot; I could smell alcohol on his person; and his speech was mildly slurred or just a little abnormal." Tr. p. 139. In addition, Jester admitted at trial that on the night in question, he had "between three (3) and five (5) drinks." Tr. p. 154. Further, when questioned about his alcohol consumption, Jester stated "I was celebrating my birthday … I had a couple. I mean, … I'm not gonna say that I was clear-minded." Tr. p. 153.

In light of Jester's admission that he had drank between three and five drinks and that he could not say that he was "clear-minded," when coupled with the testimony of Murphy and Officer Greenlee, we conclude that the evidence is sufficient to support Jester's conviction for Class B misdemeanor public intoxication. Jester's argument on appeal effectively amounts to an invitation for this court to reweigh the evidence, which we will not do.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.

5