## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 10 2016, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEYS FOR APPELLANT

Ruth Johnson
Victoria L. Bailey
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

A.W.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 10, 2016

Court of Appeals Case No.
49A02-1506-JV-606

Appeal from the
Marion Superior Court

The Honorable
Marilyn A. Moores, Judge
The Honorable
Scott B. Stowers, Magistrate

Trial Court Cause No.
49D09-1502-JD-224

**Kirsch, Judge.**

[1] A.W. appeals his adjudication as a delinquent child for committing battery,[1] which would be a Class A misdemeanor if committed by an adult. He raises the following issue for our review on appeal: whether the State presented sufficient evidence to support his delinquency adjudication.

[2] We affirm.

## Facts and Procedural History

[3] On the evening of December 27, 2014, T.B. went to the skating rink with B., who was "[m]ore than a friend to T.B.," and two of B.'s friends. *Tr*. at 7. While T.B. and the girls were putting on their skates, A.W. came over to talk to the girls. T.B. did not know A.W., and when he left, the girls told T.B. that A.W. was B.'s ex-boyfriend. When T.B. and B. went out to skate, A.W. "rolled up beside" them and was "being a bit too touchy," so T.B. skated between B. and A.W. as a sign for A.W. to stop. *Id.* A song came on that T.B. and B. did not know, and they joined the other girls at a table.

[4] T.B. got in line to get pizza, and while he was waiting, he saw B. skating with A.W., and A.W.'s arm was around her. B. came back to the table, and A.W. followed her, sat down, and "kind of . . . trap[ped] her in the seat." *Id*. T.B. went back to the table and "kind of slam[med] the drinks down" because he was frustrated. *Id*. T.B. got in A.W.'s face and said "nobody's soft." *Id*. B.

---

[1] *See* Ind. Code § 35-42-2-1(b), (c).

separated the two boys and took T.B. to the game room. When T.B. and B. returned to the table, A.W. came back and said, "We are six n words deep and we ain't scared and all that." *Id*. at 8.

[5] As the skating session was ending, T.B. and the girls waited for everyone to leave "[s]o nothing would happen." *Id*. at 9. They eventually walked out of the skating rink and "kind of pushed [their] way through the crowd." *Id*. As they got close to the curb, T.B. heard A.W. saying, "Aye bro, aye bro, aye bro[]" and saw him approaching. *Id*. A.W. was just out of arm's length with the girls between him and T.B. and the crowd circled around at a distance. T.B. turned around, and as soon as he did, A.W. hit T.B. on the right side of the face, resulting in pain and causing T.B. to fall to the ground. While T.B. was on the ground, another young male in grey sweatpants came from T.B.'s left side and ran over and started punching T.B. in the head.

[6] On February 9, 2015, the State filed a petition alleging that A.W. was a delinquent child for committing battery, which would be a Level 6 felony if committed by an adult. At a fact-finding hearing held on April 16, 2015, the juvenile court entered a true finding for battery, which would be a Class A misdemeanor if committed by an adult.[2] At a later-held disposition hearing, the juvenile court placed A.W. on probation. A.W. now appeals.

---

[2] In the delinquency petition, the State alleged that A.W. committed what would be Level 6 felony battery because it resulted in moderate bodily injury to T.B. *See* Ind. Code § 35-42-2-1(d)(1). However, the juvenile

# Discussion and Decision

[7] When the State seeks to have a juvenile adjudicated as a delinquent child for committing an act that would be a crime if a committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. *K.F. v. State*, 961 N.E.2d 501, 506 (Ind. Ct. App. 2012), *trans. denied*. In reviewing a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment and will neither reweigh evidence nor judge the credibility of the witnesses. *Id*. If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the juvenile was guilty beyond a reasonable doubt, we will affirm the adjudication. *Id*.

[8] A.W. contends that the State failed to present sufficient evidence to support his delinquency adjudication for battery. He claims that there was no direct evidence that he hit T.B. because T.B. testified that he did not see who hit him. A.W. also asserts that the circumstantial evidence presented merely shows that he was present when the battery occurred and not that he was the one who hit T.B. Further, A.W. argues that, even considering the other facts and circumstances surrounding the battery, there is no evidence that gives rise to a reasonable inference of his guilt.

---

court entered a true finding for the lesser-included offense because it found that the injury to T.B. did not rise to the level of moderate injury. *Tr.* at 20.

[9] The juvenile court entered a true finding for battery, which would be a Class A misdemeanor if committed by an adult. To support a true finding, the State was required to prove, beyond a reasonable doubt, that A.W. knowingly or intentionally touched T.B. in a rude, insolent, or angry manner, resulting in bodily injury to T.B. Ind. Code § 35-42-2-1(b), (c). In general, the uncorroborated testimony of one victim is sufficient to sustain a conviction. *Holeton v. State*, 853 N.E.2d 539, 541 (Ind. Ct. App. 2006).

[10] Here, the evidence presented established that T.B. had a verbal altercation with A.W. inside of the skating rink, and A.W. made a threatening statement to T.B. When it was time to leave the skating rink, T.B. waited for everyone to leave before exiting the building, but there was still a large crowd outside. While pushing his way through the crowd, T.B. heard A.W. say, "Aye bro, aye bro, aye bro[]" and saw him approaching. *Tr.* at 9. When A.W. was about an arm's length away, T.B. turned around and was struck in the face. T.B. testified that there was no one else nearby except for the girls and that the crowd was "in the background." *Id.* at 10. T.B. testified that it was A.W. who hit him. *Id.*

[11] Although T.B. gave conflicting testimony on whether he actually saw A.W. hit him in the face, we view the evidence in the light most favorable to the judgment. *K.F.*, 961 N.E.2d at 506. We also do not judge the credibility of the witnesses on appeal as that is the job of the juvenile court. *Id.* In addition to T.B.'s testimony that it was A.W. who hit him, there was circumstantial evidence presented that A.W. had an altercation with T.B. inside the skating rink, threatened T.B., and was the only person besides the girls in close enough

proximity when T.B. was struck in the face. We conclude that the evidence presented was sufficient to support A.W.'s delinquency adjudication.

[12] Affirmed.

[13] Mathias, J., and Brown, J., concur.