## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 29 2018, 7:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Javier Garcia,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 29, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1286<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Peggy Hart, Judge Pro Tem<br><br>Trial Court Cause Nos.<br>49G05-1706-F5-24176<br>49G05-1706-F6-20831 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Javier Garcia was convicted of strangulation, a Level 6 felony; criminal confinement, a Level 5 felony; and domestic battery, a Class A misdemeanor, and sentenced to three years. Garcia appeals his convictions, raising the sole issue of whether the evidence was insufficient to support his convictions because the testimony of the complaining witness was incredibly dubious. Concluding the incredible dubiosity rule does not apply in this case, we affirm.

# Facts and Procedural History

[2] Garcia and Amanda Ruiz met at work. Eventually their relationship turned romantic and they moved in together. During their relationship, they started a landscaping business together. For various reasons, they opened a business banking account in Ruiz's name alone, purchased the mobile home in which they lived in Ruiz's name alone, and bought a truck for the company in Ruiz's name alone, although she later signed the title over to Garcia.

[3] In November 2016, Garcia moved to "another house he had" but would occasionally return to the trailer the two had shared. Transcript, Volume II at 27. On the morning of May 20, 2017, Ruiz was at the trailer and a friend came over. Garcia arrived, uninvited, a few minutes later and began attacking Ruiz's friend. Ruiz tried to separate them, but Garcia pushed her to the side. Ruiz's friend was able to flee the trailer and Garcia then turned to Ruiz, pushed her to

the bed, put his hand on her throat and exerted pressure, held a knife to her throat, and smacked her on the leg, causing her pain. He then left the trailer and Ruiz called 9-1-1. Photographs taken following the incident and later admitted into evidence at trial show red marks on Ruiz's throat and thigh.

[4] Two weeks later, on June 3, 2017, Ruiz was at the trailer cleaning when Garcia again arrived uninvited and entered the house through the front door. Ruiz told him to leave but instead he pushed her into the bedroom, pushed her onto the bed, and took her shorts off as she kicked at him and asked him to leave her alone. They heard a noise at the front door and Garcia got up and left the trailer. Ruiz called 9-1-1. Officer Stuart Bishop of the Lawrence Police Department responded and found Ruiz "visually upset" and "in a panicked demeanor." Tr., Vol. II at 162. Officer Bishop observed "a scratch or some skin peeled off on [Ruiz's] foot and then a scratch on her inner thigh." *Id.* Photographs admitted into evidence at trial from this incident show a scratch on Ruiz's leg and an injury to her foot.

[5] For the incident on May 20, 2017, the State charged Garcia with strangulation, a Level 6 felony; residential entry, a Level 6 felony; domestic battery, a Class A misdemeanor; and battery, a Class A misdemeanor. For the incident on June 3, 2017, the State charged Garcia with criminal confinement, a Level 5 felony, and battery resulting in bodily injury, a Class A misdemeanor. Garcia waived his right to a trial by jury and the two cases were tried together. At the close of the State's case-in-chief, Garcia moved for a directed verdict with respect to all counts. The trial court granted a directed verdict and dismissed the residential

entry count but denied a directed verdict as to the remaining counts. Garcia testified on his own behalf and denied the May 20 incident occurred at all. He asserted the June 3 incident was actually between himself and Ruiz's husband who had recently returned. He also asserted that $2,000 in the business account in Ruiz's name disappeared after his arrest. At the conclusion of the evidence, the trial court found Garcia guilty of all remaining counts, entering judgment of conviction only as to strangulation, criminal confinement, and domestic battery. The trial court sentenced Garcia to an aggregate of three years executed.[1] Garcia now appeals.

# Discussion and Decision

## I. Standard of Review

Our standard of review for sufficiency of the evidence claims is well settled: we do not reweigh the evidence or judge the credibility of the witnesses. *Purvis v. State*, 87 N.E.3d 1119, 1124 (Ind. Ct. App. 2017). We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom. *Id*. We will affirm a defendant's conviction "if there is substantial evidence of probative value supporting each element of the crime from which a

---

[1] The trial court sentenced Garcia to one year each for the strangulation and domestic battery convictions and three years for the criminal confinement conviction, all to be served concurrently.

reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Stewart v. State*, 866 N.E.2d 858, 862 (Ind. Ct. App. 2007).

## II. Sufficiency of the Evidence

[7] Garcia does not specifically contend that Ruiz's testimony did not prove the elements of the charges against him. Instead, he argues Ruiz's testimony is not sufficient to support his convictions because Ruiz's "statements to police and her testimony were evasive, inherently contradictory, and demonstrate that she was not a credible witness." Appellant's Brief at 14. In general, the uncorroborated testimony of the victim is sufficient to sustain a conviction. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2002). We may make an exception, however, when that testimony is incredibly dubious. The incredible dubiosity rule allows the reviewing court to impinge upon a fact finder's responsibility to judge the credibility of the witnesses when confronted with evidence that is "so unbelievable, incredible, or improbable that no reasonable person could ever reach a guilty verdict based upon that evidence alone." *Moore v. State*, 27 N.E.3d 749, 751 (Ind. 2015). The rule is applied in limited circumstances, namely where there is "1) a sole testifying witness; 2) testimony that is inherently contradictory, equivocal, or the result of coercion; and 3) a complete absence of circumstantial evidence." *Id*. at 756. Application of the incredible dubiosity rule is "rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002). "[W]hile incredible dubiosity provides a standard that is 'not impossible' to meet, it is a 'difficult

standard to meet, [and] one that requires great ambiguity and inconsistency in the evidence.'" *Moore*, 27 N.E.3d at 756 (quoting *Edwards v. State* 753 N.E.2d 618, 622 (Ind. 2001)).

[8] Garcia contends that Ruiz was "the sole witness to testify to the incidents she claimed occurred," discounting the testimony of two police officers because they were not present for the alleged incidents. Appellant's Br. at 15. He also focuses on alleged inconsistencies between what Ruiz told police at the time of the incidents and what she testified to in court. And finally, he alleges the photographs are not corroborating evidence because "[a]ny marks on on [sic] her she could have made herself." *Id.* at 17.

[9] In applying the *Moore* factors, we conclude the incredible dubiosity rule is inapplicable to the present case. With respect to the first factor, although there were three testifying witnesses, the testimony of the two police officers alone would likely have been insufficient to find Garcia guilty because they were not eyewitnesses to the incidents, leaving only Ruiz's testimony to prove the elements of the crimes. *See Smith v. State*, 34 N.E.2d 1211, 1221-22 (Ind. 2015) (noting that although three witnesses testified, without the allegedly incredibly dubious testimony of one witness, the remaining witnesses' testimony would have been an insufficient basis for the jury to find the defendant guilty; therefore, the first factor was satisfied). However, each of the three factors must be shown in order to invoke the incredible dubiosity rule. *See Moore*, 27 N.E.3d at 758 (noting the appellant had failed to satisfy factor one because multiple witnesses had testified, and therefore "our analysis could here"). Therefore,

even if the first factor is satisfied when multiple witnesses testify but only one is an eyewitness, Garcia must still show the remaining *Moore* factors are satisfied.

[10] As to the second factor, the incredible dubiosity rule applies only to conflicts in trial testimony. *Buckner v. State*, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006). Although Garcia focuses on differences between Ruiz's statements to police after the incidents and her trial testimony, her trial testimony was not internally inconsistent or inherently contradictory regarding the elements of the crimes alleged. The second prong is satisfied "only when the witness's trial testimony was inconsistent within itself, not [when] it was inconsistent with other evidence or prior testimony." *Smith*, 34 N.E.3d at 1221. In other words, discrepancies between a witness' testimony and earlier statements do not render testimony incredibly dubious. *Holeton v. State*, 853 N.E.2d 539, 541-42 (Ind. Ct. App. 2006). Ruiz's testimony on the important facts regarding what Garcia did to her was consistent.

[11] And as to the third factor, "[i]n a case where there is circumstantial evidence of an individual's guilt, reliance on the incredible dubiosity rule is misplaced." *Smith*, 34 N.E.3d at 1222 (quotation omitted). Here, there was not a complete lack of circumstantial evidence. Moreover, the circumstantial evidence is not required to independently establish guilt. *Id.* at 1221. Officers photographed Ruiz's injuries after each incident. Officer Bishop described Ruiz's demeanor in the aftermath of the June 3 incident as "visually upset" and "panicked," and he observed the scratches on her leg and foot. Tr., Vol. II at 162.

Garcia has failed to establish the limited exception of the incredible dubiosity rule applies, and we decline to disturb the finder of fact's determination that Ruiz's testimony was more credible than Garcia's regarding what occurred on May 20 and June 3, 2017. The State presented direct testimony and circumstantial evidence that was sufficient for a reasonable finder of fact to find Garcia guilty beyond a reasonable doubt of the crimes charged.

# Conclusion

The incredible dubiosity rule does not apply in the circumstances of this case. The victim's testimony and corroborating evidence are sufficient to support Garcia's convictions. Therefore, we affirm.

Affirmed.

Baker, J., and May, J., concur.