## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 18 2018, 10:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Cannon Bruns & Murphy
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John David Cox, III,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 18, 2018

Court of Appeals Cause No. 18A-CR-1428

Appeal from the Blackford Circuit Court

The Honorable Dean A. Young, Judge

Trial Court Cause No. 05C01-1712-F4-330

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, John Cox (Cox), appeals his conviction for child molesting, a Level 4 felony, Ind. Code § 35-42-4-3(b).

[2] We affirm.

# ISSUE

[3] Cox presents one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to support his child molesting conviction because the victim's testimony was incredibly dubious.

# FACTS AND PROCEDURAL HISTORY

[4] In April 2015, Cox, R.C. (Mother), and Mother's four children, including M.N. born in 2007, moved to a house on Walnut Street, in Hartford City, Indiana. Cox is not M.N.'s biological father. In 2017, M.N.'s family, as well as Cox, moved out of the Walnut Street house and moved into a two-story house on Elm Street in Hartford City, Indiana.

[5] While residing in the Elm Street house, Cox molested M.N. twice, once in her bedroom and another time in the living room. During the bedroom incident, M.N. had been watching television with her brother until they fell asleep. M.N. was awakened by Cox, who pulled her short to the side, and then Cox put his finger inside her vagina. Cox stopped when he heard Mother calling him. During the second incident, M.N. was asleep on the couch in the living room. M.N. was awakened by Cox who was touching her vagina with his fingers and

licking her vagina with his mouth. Meaning to escape, M.N. made an excuse that she wanted to use the bathroom. Cox followed M.N. to the bathroom and ordered M.N. to "squat naked" over his cellphone so that he could take a video of her vagina. (Appellant's App. Vol. II, p. 23). Cox explained that he was taking the video since he thought M.N. had "a bruise" in her vagina. (Tr. Vol. II, p. 145). Cox threatened to hurt M.N. if she reported his actions to anyone.

[6] In August of 2017, M.N. disclosed the molestations to her aunt. M.N.'s aunt, in turn, contacted the police. On August 28, 2017, M.N. was interviewed at a Child Advocacy Center. During the interview, M.N. stated that she was eight-years-old when Cox molested her while she and her family were residing at the Walnut Street house. According to M.N., Cox molested her at least five times in the Walnut Street house. M.N. also alleged that she was about nine-years-old when Cox molested her on two occasions in the Elm Street house.

[7] On December 4, 2017, the State filed an Information, charging Cox with eight Counts of child molesting, Level 4 felonies. On February 9, 2018, Cox filed a motion to dismiss some of the charges on the basis that they were duplicative. On March 12, 2018, the trial court conducted a hearing on Cox's motion. The following day, the trial court issued an order denying Cox's motion, but stated that it would reconsider its denial at the close of discovery. On April 2, 2018, following discovery, Cox moved the trial court to reconsider its denial on his motion to dismiss some of the duplicative charges. On May 2, 2018, after a hearing, the trial court granted Cox's motion by dismissing "Counts 2, 3, 4, 5,

7, and 8." (Appellant's App. Vol. II, p. 119). For purposes of trial, the court ordered that Count VI be renumbered as Count II.

[8] On May 15, 2018, a jury trial was conducted. M.N. testified that while residing at the Elm Street house, Cox molested her once in the living room and once in her bedroom. At the close of the evidence, the jury acquitted Cox on Count I, but found him guilty on Count II. On June 11, 2018, the trial court conducted a sentencing hearing and then ordered Cox to serve a six-year term in the Department of Correction.

[9] Cox now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[10] Cox's sole argument on appeal is that the evidence is insufficient to support his conviction. When reviewing a claim of insufficient evidence, it is well established that our court does not reweigh evidence or assess the credibility of witnesses. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). Instead, we consider all of the evidence, and any reasonable inferences that may be drawn therefrom, in a light most favorable to the verdict. *Id*. We will uphold the conviction "'if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Id*. (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004)).

[11] To convict Cox of Level 4 felony child molesting conviction, the State was required to establish that he, "with a child under fourteen (14) years of age,

perform[ed] or submit[ted] to any fondling or touching, of either [M.N. or himself], with intent to arouse or to satisfy the sexual desires of either [M.N. or himself.]" I.C. § 35-42-4-3(b). Cox does not argue that specific elements are unsupported by sufficient evidence; instead, he argues that the rule of incredible dubiosity renders the evidence insufficient as a whole.

[12] In general, the uncorroborated testimony of the victim is sufficient to sustain a conviction. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2002). We may make an exception, however, when that testimony is incredibly dubious. The incredible dubiosity rule allows the reviewing court to impinge upon the factfinder's responsibility to judge the credibility of witnesses when confronted with evidence that is "so unbelievable, incredible, or improbable that no reasonable person could ever reach a guilty verdict based upon that evidence alone." *Moore v. State*, 27 N.E.3d 749, 751 (Ind. 2015). The rule is applied in limited circumstances, namely where there is "1) a sole testifying witness; 2) testimony that is inherently contradictory, equivocal, or the result of coercion; and 3) a complete absence of circumstantial evidence." *Id*. at 756. Application of the incredible dubiosity rule is "rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002). "[W]hile incredible dubiosity provides a standard that is 'not impossible' to meet, it is a 'difficult standard to meet, [and] one that requires great ambiguity and inconsistency in the evidence.'" *Moore*, 27 N.E.3d at 756 (quoting *Edwards v. State,* 753 N.E.2d 618, 622 (Ind. 2001)).

[13]     M.N. and Mother were the only testifying witnesses for the State.  Mother's testimony related to how many children she had, and where she and Cox had resided during the existence of their relationship; but there was no inquiry as to the child molesting claims made against Cox.  As such, Mother's testimony would likely have been insufficient to find Cox guilty of the charged offenses.  Thus, the State only had M.N.'s testimony, who was the sole witness to the child molesting incidents, to prove the elements of the crimes against Cox.  With that said, we find that the first *Moore* factor is satisfied.  Furthermore, we note the absence of circumstantial evidence to support Cox's conviction and conclude that the third *Moore* factor is equally satisfied.

[14]     Nonetheless, Cox must show the remaining *Moore* factor, whether M.N.'s testimony was inherently contradictory, equivocal, or the result of coercion, is satisfied.  *See Moore*, 27 N.E.3d at 758, (holding that each of the three factors must be shown in order to invoke the incredible dubiosity rule.)  We note that there is no evidence—and Cox does not argue—that M.N.'s testimony was the result of coercion.  Cox primarily directs us to purported inconsistencies between M.N.'s trial testimony and the statements she made before trial.  For example, Cox notes that at trial, M.N. admitted that she had lied to law enforcement that Cox had covered her mouth and threatened her during the molestation incidents.  Cox continues to argue that M.N.'s pretrial statements are littered with inconsistent accounts as to how many times Cox molested her, "about who was present during the events," or "whether the events occurred in the fall or just before her tenth birthday." (Appellant's Br. p. 13).

[15] In the instant case, Cox was charged with two Level 4 felony child molesting offenses. In Count I, the State alleged, in part, that "between July 11, 2015 and July 11, 2016 . . . Cox did perform or submit to fondling or touching [] M.N, a child under the age of fourteen years, to wit: . . .with intent to arouse or satisfy sexual desires of the child or defendant." (Appellant's App. Vol. II, p. 224). As for Count II, the State claimed, in pertinent part, that "between July 11, 2016 and January 31, 2017. . . Cox did perform or submit to fondling or touching [] M.N, a child under the age of fourteen years, to wit: . . .with intent to arouse or satisfy sexual desires of the child or defendant." (Appellant's App. Vol. II, p. 225). At trial, Mother testified that as of April 2015, she, Cox, and her children, including M.N., were living at the Walnut Street house. In January of 2017, Mother's family moved to the Elm Street house. It appears from the charging information, Count I related to the molestation that occurred at the Walnut Street house, and Count II related to the molestation allegations that occurred at the Elm Street house. The jury acquitted Cox on Count I but convicted him on Count II. *See Hoover v. State*, 918 N.E.2d 724, 730 (Ind. Ct. App. 2009) (holding that an acquittal on one count and a conviction on another count survives a claim of inconsistency if there is sufficient evidence to support the conviction), *trans. denied*.

[16] At trial, M.N. unequivocally and consistently testified that when she was living in the Elm Street house, Cox molested her once in her bedroom and once in the living room. For the bedroom incident, M.N. was asleep, and she was awakened by Cox who pulled her shorts aside. Referring to her vagina as "hoo-

hoo," M.N. testified that Cox touched the "inside" of her vagina with his "fingers." (Tr. Vol. II, p. 72). As for the living room incident, M.N. testified that Cox touched her "[h]oo-hoo inside" with "his hand and mouth." (Tr. Vol. II, p. 73). M.N.'s clear, unequivocal testimony establishes the necessary elements of the charged offense. *See Fajardo v. State*, 859 N.E.2d 1201, 1209 (Ind. 2007). (holding that despite the inconsistencies from an eleven-year-old witness, the child's clear and unequivocal testimony established the necessary elements and the incredible dubiosity rule did not apply).

[17] Although Cox focuses on differences between M.N.'s statements to the Child Advocacy Center and her deposition, M.N.'s trial testimony was not internally inconsistent or inherently contradictory regarding the elements of the crime alleged. We reiterate that the second prong is satisfied "only when the witness's trial testimony was inconsistent within itself, not [when] it was inconsistent with other evidence or prior testimony." *Smith*, 34 N.E.3d at 1221. In other words, discrepancies between a witness' testimony and earlier statements do not render testimony incredibly dubious. *Holeton v. State*, 853 N.E.2d 539, 541-42 (Ind. Ct. App. 2006). M.N.'s testimony on the important facts regarding Cox's molestation on Count II remained consistent. Accordingly, we conclude that M.N.'s testimony was not inherently improbable or contradictory, thus, the second *Moore* factor has not been established and we find that the incredible dubiosity rule does not apply.

# CONCLUSION

[18] For the reasons stated, we conclude that the incredible dubiosity rule does not apply, and M.N.'s testimony was sufficient to support Cox's child molesting conviction. Therefore, we affirm.

[19] Affirmed.

[20] Kirsch, J. and Robb, J. concur