# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**ADAM G. FORREST**
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANGUS TONEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1108-CR-374 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No. 89C01-1010-FA-012

**February 9, 2012**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Angus Toney ("Toney") was convicted of Class A felony burglary in Wayne Circuit Court. Toney appeals and argues that the evidence was insufficient to establish the element of bodily injury, which elevated his conviction to a Class A felony. Because the plain language of the statute provides that physical pain is sufficient to establish bodily injury, and because the evidence clearly shows that the victim experienced physical pain, we affirm.

**Facts and Procedural History**

The parties do not dispute the relevant facts of this case. On the evening of July 19, 2010, Toney and his accomplice, Chris Gregory ("Gregory"), entered into the home of G.R. while wearing bandanas over their faces. Once inside the home, Toney approached G.R., who was with her son C.R. Toney ordered C.R. to the floor and put is foot on the back of the boy's head. Toney put his knife to C.R.'s throat and told G.R. to "shut up" as he demanded her purse, money, and drugs. When she realized that she was still holding her mobile phone, G.R. attempted to dial 911. When Toney saw this, he grabbed G.R.'s hand, twisted the phone out of her hand, and threw the phone across the room. G.R. later testified that this caused her pain. G.R.'s other son heard his mother screaming and came downstairs with a baseball bat. He struck Toney in the head with the bat, causing Toney to bleed. Toney left and sought treatment at the hospital. Drops of Toney's blood were found at G.R.'s house. DNA evidence obtained from this blood was later determined to match Toney.

On October 25, 2010, the State charged Toney with Class A felony burglary resulting in bodily injury and Class B felony robbery. Toney admitted to committing

2

Class B felony burglary and Class B felony robbery, but a bench trial was held on the issue of whether the burglary resulted in bodily injury, which would elevate the burglary to a Class A felony. On July 25, 2011, the trial court found Toney guilty of Class A felony burglary. The trial court sentenced Toney to forty years on the Class A felony burglary conviction and to a concurrent term of sixteen years on the Class B felony robbery conviction. Toney now appeals.

**Discussion and Decision**

On appeal, Toney claims that there was insufficient evidence to support his conviction for Class A felony burglary resulting in bodily injury. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

Pursuant to Indiana Code section 35-43-2-1 (2004), "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony." Burglary is elevated to a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling or structure used for religious worship. I.C. § 35-43-2-1(1). Burglary is further elevated

3

to a Class A felony if it results in "bodily injury" or "serious bodily injury" to "any person other than the defendant." I.C. § 35-43-2-1(2).

Toney claims that there was insufficient evidence to support a finding that G.R. suffered any bodily injury. Unfortunately for Toney, Indiana Code section 35-41-1-4 (2004) defines "bodily injury" as "any impairment of physical condition, *including physical pain*." (emphasis added). But according to Toney, G.R. only experienced a fleeting or momentary pain, which he argues is insufficient to establish bodily injury. To us, however, the statutory definition of bodily injury is clear and unambiguous. It contains no requirement that the pain be of any particular severity, nor does it require that the pain endure for any particular length of time. It must simply be *physical* pain.

Toney bases much of his argument on Judge Crone's concurring opinion Lewis v. State, 898 N.E.2d 429 (Ind. Ct. App. 2008), trans. denied. In that case, Judge Crone disagreed with the lead opinion to the extent that it "suggest[ed] that any degree of pain, no matter how slight, is sufficient to constitute an 'impairment of physical condition' and therefore constitute 'bodily injury' for purposes of Indiana Code Section 35-41-1-4." Id. at 436. Judge Crone was of the opinion that "something more than the mere sensation of pain is required; to hold otherwise is to read 'impairment' out of the statute." Id. But Judge Crone concurred in the result with the lead opinion that the evidence was sufficient to establish bodily injury because the victim testified that the punch "didn't feel good" and because "anyone who has been punched 'pretty hard' in the face would readily agree

that such an impact is sufficiently painful to allow an inference of impairment and therefore bodily injury."[1]  Id.

Here, Toney cites Judge Crone's concurring opinion in Lewis in support of his position that, to constitute bodily injury, the pain experienced must be of a certain magnitude or duration.  We respectfully disagree.  The relevant statute makes no mention that the physical pain be of any particular magnitude or of any particular duration.  All that is required is the experience of physical pain.  Nor do we think this reads the requirement of "impairment" out of the statute.  The statute defines bodily injury as *any* impairment of physical condition, including physical pain."  I.C. § 35-41-1-4 (emphasis added).  By listing "physical pain," the statute itself includes physical pain—of any degree—in the definition of an impairment of physical condition.

As our supreme court explained almost thirty years ago, to establish bodily injury, it is "sufficient that the victim experienced physical pain by Defendant's action."  Lewis v. State, 438 N.E.2d 289, 294 (Ind. 1982).  Although the pain experienced by the victim in this older Lewis case appears to have been more severe than that experienced by the victim in the present case, our supreme court did not base its decision on the severity or the duration of the pain experienced by the victim.  The court instead followed the plain

---

[1] The lead opinion in Lewis noted that the victim testified that the defendant punched him in the face "pretty hard" and that this "didn't feel good."  Id. at 435.  The lead opinion concluded that the jury could reasonably infer from this that the victim "felt physical pain, thus experiencing bodily injury."  Id.  (citing Mathis v. State, 859 N.E.2d 1275, 1281 (Ind. Ct. App. 2007) (concluding that evidence was sufficient to support "bodily injury" element of battery where victim testified that defendant's actions caused her to "hurt" and "kinda see[] stars for a second.")).  Judge Kirsch dissented in part, concluding that the evidence was insufficient to establish bodily injury because the victim never directly testified that he experienced physical pain.  Id.

5

language of the statute and held that bodily injury was shown by the simple fact that the victim experienced physical pain by the defendant's actions. Id.

And as the Seventh Circuit Court of Appeals, in a discussion of Indiana law, stated in Flores v. Ashcroft, 350 F.3d 666, 670 (7th Cir. 2003), "any physical hurt" qualifies as bodily injury:

> It follows, Indiana's judiciary concluded, that any physical hurt satisfies § 35-42-2-1(a)(1)(A) [elevating battery to a Class A misdemeanor if it results in bodily injury]. So if the paper airplane inflicts a paper cut, *the snowball causes a yelp of pain*, or a squeeze of the arm causes a bruise, the aggressor has [inflicted bodily injury].

Id. (emphasis added).

We find further support for our conclusion in the statutory definition of "serious bodily injury," which is defined to include "extreme pain." Ind. Code § 35-41-1-25(3) (2004). Our supreme court has set the threshold for "serious bodily injury" rather high. See Davis v. State, 813 N.E.2d 1176, 1178 (Ind. 2004) (holding that evidence was insufficient to establish serious bodily injury even though defendant had pushed the victim onto the street and, when she attempted to get up, punched her in the mouth, causing the victim to have a swollen, lacerated lip, an abrasion to the knee, and a broken pinky finger). In contrast to this requirement for "extreme pain," there is no similar qualifying language with regard to bodily injury. All that is required is physical pain.

We therefore conclude that all that is required to establish bodily injury is that the victim experience any physical pain as a result of the defendant's actions. See Lewis, 438 N.E.2d at 294; Flores, 350 F.3d at 670. The statute defining bodily injury contains no requirement that the physical pain be of any particular magnitude or duration.

6

Applying this to the facts of the present case, it is readily apparent that G.R. experienced physical pain as a result of Toney's action of grabbing her hand and twisting her phone out of her hand. This is enough to establish bodily injury sufficient to elevate Toney's conviction to a Class A felony.

Moreover, there was certainly evidence that suggests that the victim here experienced more than the slightest of pain, as suggested by Toney. G.R. suffered from multiple myeloma, a cancer of the plasma cells in bone marrow. See Tr. pp. 34, 39, 41, 43.[2] As a result, G.R. experienced chronic pain and was on prescription narcotic analgesic medications, including the opiate oxycodone. Despite this, she still experienced pain when Toney grabbed her and twisted the phone out of her hand. The trial court, acting as the trier of fact, could readily conclude from this evidence that G.R. experienced physical pain as a result of Toney's actions. And this is sufficient to establish the element of bodily injury which elevates Toney's burglary conviction to a Class A felony.

**Conclusion**

The evidence was sufficient to establish that Toney's actions resulted in bodily injury to the victim because there was evidence that she experienced physical pain. This is all that is statutorily required to establish bodily injury. The evidence was therefore sufficient to convict Toney of Class A felony burglary resulting in bodily injury.

---

[2] See also Multiple myeloma, A.D.A.M. Medical Encyclopedia, U.S. National Library of Medicine, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001609/.

7

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.