**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 27 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT CRUSER, III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1203-CR-187 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-1106-FD-9999

**August 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Robert Cruser, III, appeals his conviction for class D felony domestic battery, arguing that the evidence is insufficient to establish that the victim suffered bodily injury. Concluding that the evidence is sufficient, we affirm his conviction.

## Facts and Procedural History

The facts most favorable to the judgment are that on May 21, 2011, Cruser went to the home of his ex-wife, Tina Sikora-Cruser, to pick up their six-year-old daughter for visitation, pick up a patio umbrella that belonged to him, and drop off a bag containing several of his daughter's coats. Cruser parked his truck in Sikora-Cruser's driveway and went to the door. He set the bag of coats on the ground and retrieved the umbrella from Sikora-Cruser. He informed Sikora-Cruser that a piece of the umbrella was missing and that he wanted the missing piece. Sikora-Cruser told him that she did not have the piece and that she had given him everything she had. Cruser told her that he was going to take back the bag of coats until she gave him the whole umbrella. He picked up the bag and walked to his vehicle. Sikora-Cruser followed him and grabbed the bag. Cruser then "reared back his elbow and hit [her] on the chest." Tr. at 11. When his elbow struck her chest, "it hurt." *Id*. Sikora-Cruser suffered a large red mark on her chest where Cruser hit her, as documented by the photograph taken by the responding police officers. State's Ex. 1. Their daughter was standing in the driveway and witnessed the event.

The State charged Cruser with class D felony domestic battery. The trial court found Cruser guilty as charged.

**Discussion and Decision**

Cruser contends that the evidence is insufficient to support his conviction. Our standard of review is well settled:

> When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction. We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt.

*Staten v. State*, 844 N.E.2d 186, 187 (Ind. Ct. App. 2006) (citations omitted), *trans. denied*.

To convict Cruser of class D felony domestic battery, the State had to prove beyond a reasonable doubt that he knowingly or intentionally touched a person with whom he has a child in common, in a rude, insolent, or angry manner resulting in "bodily injury," and that he committed the touching in the presence of a child less than sixteen years old, knowing that the child was present and might be able to see or hear the offense. Appellant's App. at 5; Ind. Code § 35-42-2-1.3(a), -(b)(2). Cruser's sole challenge on appeal goes to the element of "bodily injury."

"Bodily injury" is statutorily defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-41-1-4.[1] Cruser concedes that Sikora-Cruser suffered pain and received a large red mark as a result of his rude, insolent, or angry touching

---

[1] Effective July 1, 2012, Indiana Code Section 35-41-1-4 was recodified at Section 35-31.5-2-29.

but asserts that the pain and the red mark do not constitute physical impairment. We disagree.

In *Hanic v. State*, 406 N.E.2d 335, 337-38 (Ind. Ct. App. 1980), we held that red marks, bruises, and minor scratches constituted physical impairment. Cruser would have us draw a distinction between bruises and red marks, arguing that a red mark is not physical impairment. We believe that there is no basis for such a distinction. A red mark is evidence of physical trauma to the body. We conclude that the pain and large red mark suffered by Sikora-Cruser constitute bodily injury.[2] As such, the evidence is sufficient to support Cruser's conviction for class D felony domestic battery, and we therefore affirm.

Affirmed.

RILEY, J., and BAILEY, J., concur.

---

[2] To the extent that the State argues that *any* level of physical pain constitutes physical impairment, we observe that there is a split on the Court of Appeals on that issue, which will soon be resolved by our supreme court. *Compare Bailey v. State*, No. 49A02-1106-CR-487, slip op. at 3 (Ind. Ct. App. Feb. 3, 2012) (holding that physical pain must rise to a level that impairs physical condition), *trans. granted*, *with Toney v. State*, 961 N.E.2d 57, 59 (Ind. Ct. App. 2012) (holding that any level of physical pain constitutes physical impairment). We note that there is no question that physical pain alone, without physical trauma to the body, may constitute physical impairment. *See Lewis v. State*, 438 N.E.2d 289, 294 (Ind. 1982) (stating that physical pain alone may constitute bodily impairment and that it "is not necessary that some physical trauma to the body be shown").

4