## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2017, 6:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Samantha M. Joslyn
Law Office of Samantha M. Joslyn
Rensselaer, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Coty A. Faler,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 30, 2017<br><br>Court of Appeals Case No.<br>37A03-1703-CR-548<br><br>Appeal from the Jasper Superior<br>Court<br><br>The Honorable James R. Ahler,<br>Judge<br><br>Trial Court Cause No.<br>37D01-1512-F5-923 |

**Crone, Judge.**

# Case Summary

[1] Following a jury trial, Coty A. Faler appeals his convictions and three-year aggregate sentence for level 5 felony battery against a public safety official, level 6 felony resisting law enforcement, class A misdemeanor criminal trespass, and class B misdemeanor disorderly conduct. Faler claims that the State failed to presented sufficient evidence to support his convictions. He also contends, and the State agrees, that his convictions for battery and resisting law enforcement violate double jeopardy principles. Finally, he argues that his sentence is inappropriate in light of the nature of the offenses and his character. We conclude that the evidence is sufficient to support his convictions but that the resisting law enforcement conviction must be vacated on double jeopardy grounds. We also conclude that Faler has failed to carry his burden to show that his sentence is inappropriate. Therefore, we affirm his convictions and sentence for battery, criminal trespass, and disorderly conduct, and we remand with instructions to vacate his resisting law enforcement conviction.

# Facts and Procedural History

[2] The facts most favorable to the jury's guilty verdicts follow. On December 13, 2015, Michael Garcia had a barbeque at his Rensselaer home, which was located approximately one block from the home of Faler's mother, Rita Koebcke. Koebcke was engaged to Garcia and spent nights at his home. Twenty-five-year-old Faler lived at Koebcke's home. Koebcke and her daughter attended the barbeque, while Faler came and went and consumed alcohol throughout the day. That evening, Garcia and Koebcke went to bed

early at Garcia's home because he had to work early the next morning. Faler repeatedly went to Garcia's home and "bang[ed]" on the front door, which prevented Garcia from sleeping. Tr. Vol. 2 at 98. Garcia told Faler that he was not welcome at the home "because of the display of the behavior." *Id*. at 101. Faler kept coming back and "banging on the door[,]" however, and eventually Garcia "had enough" and called 911. *Id*. at 98, 88.

[3] Sergeant Matthew Anderson of the Rensselaer Police Department spoke with Garcia, who complained that Faler was "banging on the door" and asked the sergeant to "make contact with [Faler] to relay the message to him not to return." *Id*. at 108. Sergeant Anderson told Garcia to call if Faler returned. The sergeant then went to Koebcke's home and "asked [Faler] to stay away" from Garcia's home. *Id*. at 109. Faler told the sergeant that he could "go over there whenever he wanted [to]" and slammed the door in his face. *Id*. Sergeant Anderson was dispatched to a medical emergency and was informed that Garcia had called 911 about Faler "knocking on the door again." *Id*. at 108.

[4] The sergeant went by Koebcke's home and saw Faler, who was "very worked up[,]" yelling inside the home. *Id*. at 110. Officer Michael Vanderhere joined Sergeant Anderson, and the two waited to see if Faler would return to Garcia's home, which he did. Faler knocked on Garcia's front door. Sergeant Anderson confronted him on the porch, while Officer Vanderhere waited at the bottom of the steps. The sergeant asked Faler why he had returned "after he was asked not to [...] come back." *Id*. at 111. Faler began "cussing and yelling." *Id*. Sergeant Anderson told Faler that he was under arrest. Faler reached for the

door handle. The sergeant grabbed Faler's wrist "to prevent him from fleeing inside the house[,]" and Faler "turned to face [him] and tried to wrestle, struggle with [him.]" *Id.* at 112. Faler threatened to kill the officers, grabbed the sergeant's throat, and attempted to gouge his eye. Officer Vanderhere had to tase Faler twice before he and Sergeant Anderson were able to subdue him. The sergeant sustained scratches and redness on his cheek and throat and experienced pain as a result of Faler's attack.

[5] The State charged Faler with level 5 felony battery against a public safety official, level 6 felony resisting law enforcement, class A misdemeanor criminal trespass, and class B misdemeanor disorderly conduct. A jury found Faler guilty as charged. The trial court entered judgment of conviction on all counts and sentenced Faler to concurrent terms of three years for battery, with one year suspended to probation, one year for criminal trespass, and 180 days for disorderly conduct. The court did not sentence Faler for resisting law enforcement and merged that conviction with the battery conviction. Based on Faler's "admission to having significant drug dependency problems[,]" the court recommended that he "be placed in the Indiana Department of Correction Therapeutic Community, where [he] shall avail himself to serve and to participate, at a level to be determined by the Indiana Department of Correction." Appealed Orders at 6. Faler now appeals his convictions and sentence.

# Discussion and Decision

## Section 1 – The State presented sufficient evidence to support Faler's convictions.

Faler contends that the State failed to present sufficient evidence to support his convictions. In reviewing a sufficiency claim, we neither reweigh evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 500 (Ind. 2015). "[W]e consider only the evidence and reasonable inferences most favorable to the verdict." *Wood v. State*, 999 N.E.2d 1054, 1063 (Ind. Ct. App. 2013), *trans. denied* (2014), *cert. denied*. "We must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id*. at 1063-64.

### *Battery against a public safety official*

To prove that Faller committed level 5 felony battery against a public safety official, the State was required to show that he knowingly or intentionally touched Sergeant Anderson, a public safety official, while engaged in his official duties, in a rude, insolent, or angry manner that resulted in bodily injury, i.e., scratches to the sergeant's face and throat "and complaint of a sore neck[.]" Ind. Code § 35-42-2-1(b)(1), -(f)(5)(A); Appellant's App. Vol. 2 at 16 (charging information). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code §

35-41-2-2(b). "'Bodily injury' means any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. To qualify as bodily injury, physical pain need not be of any particular severity or "endure for any particular length of time. It must simply be *physical* pain." *Toney v. State*, 961 N.E.2d 57, 59 (Ind. Ct. App. 2012).

[8] Faler claims that he did not knowingly or intentionally touch Sergeant Anderson and that the sergeant's injuries "were relatively insignificant[.]" Appellant's Br. at 12. This is merely an invitation to reweigh evidence and assess witness credibility, which we may not do. Sergeant Anderson testified that Faler grabbed his throat and attempted to gouge his eye, which caused scratches, redness, and pain. Tr. Vol. 2 at 118-19. This evidence is sufficient to support Faler's battery conviction, and therefore we affirm it.

### Resisting law enforcement

[9] To prove that Faler committed level 6 felony resisting law enforcement, the State was required to show that he knowingly or intentionally forcibly resisted, obstructed, or interfered with Sergeant Anderson while the sergeant was lawfully engaged in the execution of his duties, and that Faler inflicted bodily injury on the sergeant while committing the offense. Ind. Code § 35-44.1-3-1(a)(1), -(b)(1)(B). Faler claims that he did not knowingly or intentionally forcibly resist Sergeant Anderson, which is contrary to the sergeant's testimony at trial. That testimony is sufficient to support Faler's conviction, but we must vacate it on double jeopardy grounds as explained below.

## Criminal trespass

[10] To prove that Faler committed class A misdemeanor criminal trespass, the State was required to show that he knowingly or intentionally entered Garcia's real property, while not having a contractual interest in that property, and after having been denied entry by Garcia or Garcia's agent. Ind. Code. 35-43-2-2(b). Faler does not dispute that Garcia owned the property where the incident occurred, that he had no contractual interest in Garcia's property, that Garcia told him to leave the property, or that he knowingly or intentionally entered the property after Garcia told him to leave. He does, however, note that both he and his mother testified that she texted him moments before his arrest and asked him to come to Garcia's home so that she could take him to his former stepfather's home; he claims that she thus extended him a valid invitation as Garcia's agent. Garcia testified that he had no knowledge of the invitation, and Faler cites no authority for the proposition that his mother could be considered Garcia's agent for purposes of the criminal trespass statute. More to the point, Faler's argument is merely another invitation to reweigh evidence and assess witness credibility, which we may not do. Therefore, we affirm this conviction.

## Disorderly conduct

[11] To prove that Faler committed class B misdemeanor disorderly conduct, the State was required to show that he knowingly or intentionally made an unreasonable noise, i.e., knocking repeatedly on Garcia's door, and that he continued to do so after being asked to stop. Ind. Code 35-45-1-3(a)(2); Appellant's App. Vol. 2 at 19 (charging information). Faler does not dispute

that he knocked repeatedly on Garcia's door, that the noise was unreasonable, or that he continued knocking after being asked to stop. Faler's argument, such as it is, again invites us to reweigh evidence and assess witness credibility, which we may not do. Accordingly, we affirm this conviction.

## Section 2 – Faler's resisting law enforcement conviction must be vacated on double jeopardy grounds.

[12] Faler argues that his convictions for battery against a public safety official and resisting law enforcement violate Indiana double jeopardy principles because there is a reasonable possibility that the jury used the same evidence to find him guilty of both offenses. *See* Appellant's Br. at 14 (citing actual evidence test of *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999)). Faler also raised this argument at the sentencing hearing, and the prosecutor agreed but suggested that merging the convictions would cure the double jeopardy violation. On appeal, the State properly concedes the violation and that only vacating the resisting law enforcement conviction will cure it. *See Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008) ("A double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the practical effect of concurrent sentences or by merger after conviction has been entered.") (citation and quotation marks omitted), *trans. denied* (2009). Therefore, we remand with instructions to vacate that conviction.

## Section 3 – Faler has failed to carry his burden to establish that his sentence is inappropriate in light of the nature of the offenses and his character.

[13]    Faler asks us to reduce his three-year aggregate sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find "that the sentence is inappropriate in light of the nature of the offense and character of the offender." "Our supreme court has explained that the principal role of appellate review should be to attempt to leaven the outliers, 'not to achieve a perceived "correct" result in each case.'" *Perry v. State*, 78 N.E.3d 1, 12 (Ind. Ct. App. 2017) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied* (2014). We may take into account whether a portion of the sentence is suspended or is otherwise crafted using any of the sentencing tools available to trial courts. *Perry*, 78 N.E.3d at 13. Faler bears the burden of persuading us that his sentence is inappropriate. *Id*.

[14]    Faler received the advisory sentence for a level 5 felony, which is three years, one year of which was suspended to probation. Ind. Code § 35-50-2-6(b).[1]

---

[1] The sentencing range for a level 5 felony is one to six years. Ind. Code § 35-50-2-6(b). Because the concurrent sentences for Faler's other convictions do not exceed the potential minimum sentence for his battery conviction, we need not address them here.

Because the advisory sentence is the starting point that our legislature has selected as an appropriate sentence for the crime committed, "the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*. Faler has failed to carry that burden here. His minimal argument regarding the nature of the offenses casts blame on his voluntary alcohol consumption and Sergeant Anderson, and his argument regarding his character acknowledges his juvenile history (including adjudications for burglary and theft, plus a probation revocation) and adult criminal history (including convictions for criminal mischief and class C felony possession of a controlled substance, plus pending charges for leaving the scene of an accident). Faler argues that the trial court "had other alternatives for sentencing which would have been more appropriate[,]" Appellant's Br. at 16, but the proper question is whether the sentence that he received is inappropriate. *Barker*, 994 N.E.2d at 315. Faler has failed to persuade us that it is, and therefore we affirm it.

Affirmed in part and remanded in part.

Vaidik, C.J., and Mathias, J., concur.