# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 01 2019, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jason S. Gray
Certified Legal Intern

Joel M. Schumm
Appellate Clinic
Indiana University Robert H. McKinney
School of Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aryan Taylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 1, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2604<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Christina Klineman, Judge<br>The Honorable Marshelle Dawkins Broadwell, Magistrate<br><br>Trial Court Cause No.<br>49G17-1807-F6-23021 |

**Bradford, Judge.**

# Case Summary

[1] On July 15, 2018, officers responded to an altercation between Aryan Taylor and his on-again, off-again girlfriend B.H. Upon arriving, the officers observed Taylor dragging B.H. down a driveway first by her dress and then by her hair. As a result of Taylor's actions, B.H. suffered injuries to her knee and hand. The next day, the State charged Taylor with three counts. The first two counts were dismissed during trial pursuant to Trial Rule 41(B). Taylor was found guilty of the third count, Class A misdemeanor battery resulting in bodily injury. On appeal, Taylor contends that the evidence is insufficient to sustain his conviction and that the trial court erred in referring to the first two counts as "dismissed" on its sentencing order. We affirm and remand with instructions.

# Facts and Procedural History

[2] On July 15, 2018, Indianapolis Metropolitan Police Officers Randall Koehn and Nathan Quinn responded to a reported altercation. When they arrived, they observed Taylor dragging B.H. down a driveway by her dress. After losing his grip on her dress, Taylor continued to drag B.H. down the driveway by her hair. Taylor released B.H. after being instructed to stop by Officers Koehn and Quinn. Officers Koehn and Quinn observed fresh injuries to B.H.'s knee, which was bleeding, and hand.

[3] On July 16, 2018, the State charged Taylor with Level 6 felony kidnaping ("Count I"), Class A misdemeanor domestic battery ("Count II"), and Class A

misdemeanor battery resulting in bodily injury ("Count III"). The trial court conducted a bench trial on September 27, 2018. Following the conclusion of the State's presentation of evidence, Taylor moved for an involuntary dismissal of the charges pursuant to Trial Rule 41(B). The trial court granted Taylor's motion with regard to Counts I and II and denied the motion with regard to Count III. The trial court subsequently found Taylor guilty of Class A misdemeanor battery resulting in bodily injury and sentenced him to a sixty-day term of incarceration.

# Discussion and Decision

[4] Taylor raises two contentions on appeal. First, he contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor battery resulting in bodily injury. Second, he contends that the trial court erred by referring to Counts I and II on its sentencing order as "dismissed."

## I. Sufficiency of the Evidence

[5] Taylor contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor battery resulting in bodily injury.

> We do not reweigh evidence or reassess the credibility of witnesses when reviewing a conviction for the sufficiency of the evidence. We view all evidence and reasonable inferences drawn therefrom in a light most favorable to the conviction, and will affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.

*Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013) (internal citation and quotation omitted).

[6]  A person commits Class A misdemeanor battery resulting in bodily injury when he knowingly or intentionally "touches another person in a rude, insolent, or angry manner" and the touching "results in bodily injury to any other person." Ind. Code § 35-42-2-1(c), (d).  In challenging his conviction, Taylor argues that the State failed to rebut his claim of self-defense.  Alternatively, he argues that the State failed to prove that his actions resulted in bodily injury to B.H.

## 1.  Rebuttal of Self-Defense Claim

[7]  A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act.  In order to prevail on such a claim, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm.  When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements.  If a defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt.  In any event, a mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense.

*Wilson v. State*, 770 N.E.2d 799, 800–01 (Ind. 2002) (internal citations and quotations omitted).  "The standard of review for a challenge to the sufficiency of the evidence to rebut a claim of self-defense is the same standard for any sufficiency of the evidence claim."  *Id.* at 801.

While Taylor argues that B.H. was the initial aggressor, the evidence most favorable to the verdict indicates that Taylor was the only aggressor observed by Officers Koehn and Quinn. Officers Koehn and Quinn observed Taylor dragging B.H. down a driveway by first her dress and then by her hair. In addition, regardless of who was the initial aggressor, by the time Officers Koehn and Quinn arrived, Taylor was, at the very least, a mutual combatant in the altercation. Thus, before Taylor could successfully claim self-defense, he must have declared an armistice. *Id.*; *see also* Ind. Code § 35-41-3-2(g)(3) ("[A] person is not justified in using force if … the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action."). Taylor did not do so. The State's evidence, therefore, successfully rebuts Taylor's self-defense claim. Taylor's argument to the contrary effectively amounts to an invitation to reweigh the evidence, which we will not do. *See Walker*, 998 N.E.2d at 726.

## 2. Bodily Injury

"'Bodily injury' means any impairment of physical condition, including pain." Ind. Code § 35-31.5-2-29. There is "no requirement that the pain be of any particular severity, nor does [the statute] require that the pain endure for any particular length of time." *Toney v. State*, 961 N.E.2d 57, 59 (Ind. Ct. App. 2012). "It must simply be *physical* pain." *Id.* (emphasis in original).

[10] Taylor asserts that "the State's burden of proving pain beyond a reasonable doubt was not met because [B.H.] did not testify to having any pain." Appellant's Br. p. 13. As we have previously noted, "[t]he State need not present *direct* evidence to support each element of a crime, and it has long been held that circumstantial evidence will support a conviction." *Semenick v. State*, 977 N.E.2d 7, 15 (Ind. Ct. App. 2012) (citing *Maul v. State*, 731 N.E.2d 438, 439 (Ind. 2000) (emphasis in original). The circumstantial evidence in this case is sufficient to support the reasonable inference that Taylor's actions caused B.H. to suffer pain.

[11] Contrary to B.H.'s testimony that "[n]one of [the alleged acts] happened," tr. p. 8, Officers Koehn and Quinn testified about the portion of the altercation between Taylor and B.H. that they observed. Upon arriving at the scene of the disturbance, Officer Koehn heard B.H. screaming and observed Taylor "dragging [B.H.] by her dress down the driveway," tr. p. 14, "dragging her to where her feet and her legs were dragging on the ground as he was walking with her." Tr. p. 19. When Taylor "lost his grip" on B.H., B.H. fell "to the driveway on her hands and knees." Tr. p. 19. Taylor then "grabbed [B.H.] by the hair and continued to pull her down the driveway." Tr. p. 19. As a result of being dragged down the driveway, B.H. suffered an injury to her knee that "was actively bleeding" and an injury to her hand. Tr. p. 22.

[12] In making inferential decisions, the fact-finder applies its "experiences in life" and "common sense" as it "takes into account all of the facts and circumstances." *McAlpin v. State*, 80 N.E.3d 157, 163 (Ind. 2017) (internal

quotations and brackets omitted). Common sense would dictate that one who suffers an injury significant enough to cause "active bleeding" also suffers pain. Common sense would also dictate that one would also suffer pain as a result of being dragged by the hair and that screaming is a frequent indicator of pain. Thus, the circumstantial evidence supports the reasonable inference that Taylor's actions caused B.H. to suffer pain and, as a result, the evidence is sufficient to prove that Taylor's rude, insolent, or angry touching of B.H. resulted in bodily injury to B.H. Taylor's claim to the contrary again amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Walker*, 998 N.E.2d at 726.

## II. Sentencing Order

[13] Taylor also contends that the trial court erred by indicating on its sentencing order that Counts I and II were "dismissed." Following the conclusion of the State's presentation of evidence, Taylor moved for an involuntary dismissal pursuant to Trial Rule 41(B). The trial court granted Taylor's motion as to Counts I and II and the trial continued on Count III. Taylor argues that because relief under Trial Rule 41(B) operates as an adjudication upon the merits, the trial court's sentencing order should reflect a "not guilty" verdict on Counts I and II. Appellant's Br. p. 14. For its part, the State argues that the trial court did not err given that the plain language of Trial Rule 41(B) refers to relief granted thereunder as a "dismissal." Appellee's Br. p. 18.

[14] Trial Rule 41(B) provides as follows:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff or party with the burden of proof, the court, when requested at the time of the motion by either party shall make findings if, and as required by Rule 52(A). Unless the court in its order for dismissal otherwise specifies, *a dismissal* under this subdivision or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits.

(Emphasis added). We agree with the State and conclude that because the plain language of Trial Rule 41(B) refers to relief granted thereunder as a dismissal, the trial court did not err in indicating on the sentencing order that Counts I and II were "dismissed." However, the plain language of Trial Rule 41(B) further indicates that unlike general dismissals which allow for the refiling of the dismissed charges, dismissals pursuant to Trial Rule 41(B) act as an adjudication on the merits, precluding the refiling of charges. We therefore, remand the matter to the trial court with instructions for the court to amend the sentencing order to indicate that Counts I and II were dismissed with prejudice pursuant to Trial Rule 41(B).

The judgment of the trial court is affirmed and the matter remanded with instructions.

Crone, J., and Tavitas, J., concur.