## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 19 2020, 10:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

Michael C. Borschel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason B. Conn,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 19, 2020

Court of Appeals Case No.
19A-CR-1988

Appeal from the Marion Superior
Court

The Honorable H. Patrick
Murphy, Magistrate

Trial Court Cause No.
49G16-1904-CM-16165

**Mathias, Judge.**

[1] Jason B. Conn ("Conn") appeals his conviction in the Marion Superior Court for domestic battery, a Class A misdemeanor. Conn claims that insufficient

evidence supports his conviction under the incredible dubiosity rule. Concluding that the evidence is sufficient, we affirm.

## Facts and Procedural History

The night of April 26, 2019, Conn was at the home he had, up to that time, shared with his partner Balinda Jones ("Jones"). Jones was moving out of the house and had spent the day packing her belongings with the help of her son. Around 11:00 p.m., Jones's son departed, and Jones and Conn were left with a friend of Conn's, who was visiting. Conn and the friend had been drinking alcohol and using illicit drugs that evening. After midnight, the friend left the house to buy more drugs and alcohol.

Jones and Conn sat in the darkened living room, and at some point, the two had an argument. Then, while looking down at her phone, Jones saw a "flash of something" in her peripheral vision and was suddenly struck "very hard" on the mouth with a small, heavy object. Tr. pp. 13–14. Jones ran out the front door with her phone in her hand and hid behind her parked car. She called 911 and waited, crouched behind her car until law enforcement arrived. Blood from her injury dripped down her neck, hand, and onto her phone.

Indianapolis Metropolitan Police Department Officer Matthew Harris ("Officer Harris") responded to Jones's report of the domestic disturbance. He saw Jones "hiding" and acting panicked near her car when he arrived. Tr. p. 25. Officer Harris called for an ambulance, and emergency personnel photographed and

treated the injury to Jones's mouth and chin on the scene. Officer Harris did not recover the object Jones believed had hit her, a glass candle holder.

[5] Conn was charged on April 30, 2019, with Class A misdemeanor domestic battery and Class A misdemeanor battery resulting in bodily injury; a no contact order was also ordered that day. A bench trial was held on July 29, and Conn was found guilty of both offenses; judgment of conviction was entered as to domestic battery, for which Conn received a 365-day sentence with 355 days suspended. This appeal followed.

## Discussion and Decision

[6] When addressing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *McAllister v. State*, 91 N.E.3d 554, 558 (Ind. 2018). Rather, we look to the evidence most favorable to the verdict with all reasonable inferences to be drawn from that evidence. *Id.* If there is substantial evidence of probative value to support the verdict and the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt, the verdict will remain undisturbed. *Id.* Moreover, it is for the trier of fact to reject a defendant's version of what happened, to determine all inferences arising from the evidence, and to decide which witnesses to believe. *Lewis v. State*, 438 N.E.2d 289, 293 (Ind. 1982). The evidence need not "overcome every reasonable hypothesis of innocence." *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016).

[7]     Conn asserts that the verdict cannot stand because Jones's testimony was "incredibly dubious" and was presented as the only evidence in support of the State's case. Appellant's Br. at 10. In general, the uncorroborated testimony of one victim is sufficient to sustain a conviction. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). Under the incredible dubiosity rule, a reviewing court will impinge on the factfinder's responsibility to judge the credibility of a witness only when it has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Herron v. State*, 808 N.E.2d 172, 176 (Ind. Ct. App. 2004), *trans. denied*. If a sole witness presents incredibly dubious or inherently improbable evidence such that no reasonable person could believe it and if there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. *Id.*

[8]     Conn argues that the incredible dubiosity rule should apply because Jones's testimony was the "only" evidence supporting his conviction. We disagree. Here, Jones testified as to the nature of the injury that Conn inflicted upon her, which consisted of a cut to Jones's lip and chin. Photographic evidence that the State offered corroborated Jones's testimony in that it showed the injury to her lip and chin. Officer Harris testified that no other individual was in the house with Conn and Jones. Based on the evidence before the trial court, application of the incredible dubiosity rule is not warranted because Jones was not the sole witness and because her testimony was corroborated by circumstantial evidence. *See Holeton v. State*, 853 N.E.2d 539, 542 (Ind. Ct. App. 2006)

(declining to reverse conviction because victim's testimony was corroborated by other evidence and was not incredibly dubious).

[9] Furthermore, Conn's argument that Jones's guilty plea to a charge of false informing from 2012 renders her testimony incredibly dubious in the present case is not well taken. The weight given to evidence of a prior conviction for a crime of dishonesty is a question of witness credibility for the factfinder. *Cohen v. State*, 714 N.E.2d 1168, 1180 n.10 (Ind. Ct. App. 1999), *trans. denied*. This Court will not "invade the province" of the factfinder by reevaluating witness credibility on appeal. *Id.* As for Conn's assertion that Jones's testimony was inherently improbable because she did not actually see Conn throw an object at her, and because Officer Harris did not recover a projectile in Conn's house, we are unpersuaded. Jones's testimony was that she had ended a long-term relationship with Conn and was moving out of his house. The two had argued earlier that night, and Conn was under the influence of drugs and alcohol at the time of the incident. From the sequence of events Jones described and the injury she received, the trial court could reasonably infer that Conn threw an object at Jones, causing her injury.

## Conclusion

[10] We conclude that Jones's testimony was corroborated by other evidence and was not incredibly dubious. Thus, sufficient evidence supports the trial court's judgment, and we affirm Conn's conviction for domestic battery.

Affirmed.

Kirsch, J., and Bailey, J., concur.